# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

### COLUMBIA DIVISION

LAWRENCE TERRY,

Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

AETNA LIFE INSURANCE COMPANY, and

THE HARTFORD FINANCIAL SERVICES GROUP, INC.,

Defendants.

Civil Action No.: 3:25-cv-14059-JDA-PJG

## COMPLAINT

(ADA DISCRIMINATION, FAILURE TO ACCOMMODATE, INTERFERENCE & COERCION, ERISA BENEFITS & FIDUCIARY VIOLATIONS, SOUTH CAROLINA INSURANCE BAD FAITH, NEGLIGENCE, AND INJUNCTIVE RELIEF)

# I. INTRODUCTION

1. This action arises from Defendants' systemic discrimination, coercive practices, and fiduciary misconduct in the administration of long-term disability ("LTD") benefits to a known cognitively disabled claimant, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.; and South Carolina common law and statutory protections governing insurance bad faith and unfair claims practices.

2. Plaintiff Lawrence Terry suffers from a documented traumatic brain injury ("TBI") and a complex cardiac condition, both of which substantially limit major life activities including memory, executive functioning, concentration, stress tolerance, and the ability to process complex information.

3. Defendants knew of Plaintiff's disabilities, approved reasonable ADA accommodations in or around 2019, and represented that they would assist Plaintiff with paperwork, coordinate directly with medical providers, and reduce administrative burden.

4. Defendants later admitted that those accommodations were overlooked due to turnover and short staffing, repeatedly reassigned Plaintiff's claim handlers, imposed highly technical administrative demands, conducted a defective appeal, and continue to garnish Plaintiff's disability benefits, causing severe financial, medical, and emotional harm.

5. This is not a routine benefits dispute. It is a case involving disability discrimination, failure to accommodate, unlawful interference, ERISA fiduciary breaches, and South Carolina insurance bad faith, warranting declaratory, injunctive, and compensatory relief.

# II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 1132(e) (ERISA), and 28 U.S.C. § 1367 (supplemental jurisdiction over state-law claims).

7. Venue is proper in the District of South Carolina under 28 U.S.C. § 1391(b) because Plaintiff resides in South Carolina, Defendants conduct substantial business in South Carolina, and a substantial part of the events giving rise to the claims occurred in this District.

## III. PARTIES

8. Plaintiff Lawrence Terry is a resident of South Carolina and a participant in an employer-sponsored LTD plan administered by Defendants.
9. Defendant Hartford Life and Accident Insurance Company is an insurance company engaged in the administration of LTD claims nationwide, including in South Carolina.
10. Defendant Aetna Life Insurance Company underwrites the LTD policy at issue and participates in claims administration affecting Plaintiff.
11. Defendant The Hartford Financial Services Group, Inc. is the parent entity exercising control over staffing, policies, procedures, training, and claims-handling practices relevant to Plaintiff's claim.

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Disability and Medical History

12. Plaintiff suffered a sudden cardiac event in or around May 2018, resulting in oxygen deprivation, a traumatic brain injury, and a period of coma.
13. As a result, Plaintiff experiences permanent cognitive impairments affecting memory, organization, executive functioning, processing speed, and stress tolerance.
14. Plaintiff also suffers from a complex cardiac condition that is exacerbated by stress, financial instability, and prolonged administrative pressure.
15. These conditions constitute disabilities under the ADA.

## B. Notice to Defendants and ADA Accommodation Approval

16. Defendants have been on notice of Plaintiff's disabilities since at least 2018.
17. In or around 2019, Plaintiff requested reasonable accommodations related to his TBI and cardiac condition.
18. Defendants approved those accommodations, agreeing to:

- assist Plaintiff with required paperwork and documentation;
- coordinate directly with treating medical providers;
- reduce administrative burden caused by cognitive impairment;
- provide continuity in claim handling.

19. Plaintiff reasonably relied on these representations.

## C. Defendants' Admissions of Internal Neglect

20. Prior to the appeal process, Defendants' representatives informed Plaintiff that:

- required paperwork had been overlooked;
- the approved accommodation had not been properly implemented;
- these failures were caused by turnover and short staffing.

21. These admissions establish Defendants' knowledge of internal administrative failure.

## D. Repeated Case-Manager Reassignments and Breakdown of Accommodation

22. Despite the approved accommodation, Defendants repeatedly reassigned Plaintiff's claim to multiple case managers, analysts, and recovery specialists.
23. For a claimant with a traumatic brain injury, this predictably caused confusion, missed communications, delays, and cognitive overload.
24. Defendants knew or should have known these consequences would occur.

## E. Failure to Coordinate and Improper Blame-Shifting

25. Defendants failed to coordinate with Plaintiff's medical providers as promised.
26. Defendants later blamed Plaintiff for missing or incomplete documentation caused by Defendants' own failures.
27. Under South Carolina law and ERISA fiduciary standards, Defendants may not induce reliance and then penalize a disabled claimant for the consequences of Defendants' neglect.

## F. Overpayment Determination Without a Complete Accounting

28. Defendants asserted a retroactive overpayment of $33,572.09, allegedly arising from SSD and family SSD offsets.
29. Defendants demanded repayment and began garnishing Plaintiff's LTD benefits before providing a complete, plain-language accounting of payments, offsets, reversals, and recalculations spanning December 2018 through April 2024.
30. Defendants later admitted that a full accounting was still being assembled while garnishment continued.
31. This conduct is coercive, unreasonable, and constitutes bad faith under South Carolina law.

## G. Defective Appeal Process

32. Plaintiff appealed Defendants' overpayment determination.
33. The appeal occurred after Defendants' accommodation failure and admitted administrative neglect.
34. An appeal conducted under these circumstances does not constitute a "full and fair review" under ERISA.

### H. Ongoing Garnishment and Irreparable Harm

35. Defendants continue to garnish and offset Plaintiff's LTD benefits.
36. As a direct and proximate result, Plaintiff has suffered:

- loss of financial stability and housing insecurity;
- disruption of medical care;
- worsening neurological and cardiac symptoms;
- severe emotional distress.

37. These harms are ongoing, foreseeable, and irreparable absent court intervention.

# V. CAUSES OF ACTION

### COUNT I

ADA Discrimination

(42 U.S.C. § 12101 et seq.)

38. Plaintiff is a qualified individual with a disability.
39. Defendants discriminated by denying equal access to benefits administration and imposing disability-based barriers.

### COUNT II

Failure to Accommodate & Failure to Engage in the Interactive Process (ADA)

40. Defendants failed to implement an approved accommodation and failed to engage in a good-faith interactive process.

## COUNT III

ADA Interference, Coercion, and Intimidation (42 U.S.C. § 12203)

41. Defendants interfered with Plaintiff's ADA rights through coercive garnishment and procedural rigidity.

## COUNT IV

ERISA – Wrongful Withholding of Benefits (29 U.S.C. § 1132(a)(1)(B))

42. Defendants wrongfully withheld LTD benefits contrary to plan terms.

## COUNT V

ERISA – Breach of Fiduciary Duty / Equitable Relief (29 U.S.C. § 1132(a)(3))

43. Defendants breached fiduciary duties of loyalty and care by inducing reliance, failing to assist, and penalizing Plaintiff for Defendants' own neglect.

## COUNT VI

South Carolina Insurance Bad Faith

44. Defendants acted unreasonably and in bad faith by garnishing benefits without a complete accounting and disregarding known disability.

## COUNT VII

Negligent Misrepresentation / Promissory Estoppel (South Carolina)

45. Defendants promised assistance and coordination, Plaintiff relied on those promises, and Defendants failed to perform, causing harm.

# VI. DAMAGES

46. Plaintiff has suffered economic loss, emotional distress, medical aggravation, loss of stability, and loss of dignity.
47. Defendants acted with deliberate indifference and reckless disregard for Plaintiff's rights.

# VII. INJUNCTIVE AND DECLARATORY RELIEF

48. Plaintiff seeks declaratory judgment that Defendants violated the ADA, ERISA, and South Carolina law.
49. Plaintiff seeks injunctive relief requiring Defendants to:

- immediately cease garnishment and offsets;
- restore full LTD benefits pending lawful resolution;
- honor and reinstate the approved ADA accommodation;
- engage in a documented, Hartford-led interactive process.

# VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendants' conduct unlawful;

B. Issue injunctive relief halting garnishment and enforcing accommodations;

C. Award compensatory damages;

D. Award costs, interest, and fees as permitted by law;

E. Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

LAWRENCE TERRY

Plaintiff, Pro Se

Date: 12/30/2025