IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Lawrence Terry, | ) | Case No. 3:25-cv-14059-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Hartford Life and Accident Insurance | ) | |
| Company; Aetna Life Insurance | ) | |
| Company; Hartford Financial | ) | |
| Services Group, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's motions for preliminary injunctive relief [Docs. 5; 11]; a Report and Recommendation ("Report") of the Magistrate Judge recommending summary dismissal of the Complaint [Doc. 16; *see also* Doc. 1]; Plaintiff's subsequent motions for miscellaneous relief [Docs. 21; 22; 26]; and Plaintiff's Amended Complaint [Doc. 27]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

## BACKGROUND

On December 31, 2025, Plaintiff, proceeding pro se, brought this action alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.; and South Carolina law. [Doc. 1.] On December 31, 2025, and January 20, 2026, respectively, Plaintiff filed motions for preliminary injunctive relief. [Docs. 5; 11.]

On February 26, 2026, the Magistrate Judge issued a Report recommending that Plaintiff's motions for preliminary relief be denied and that the Complaint be summarily dismissed without prejudice and without issuance and service of process. [Doc. 16.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 11.] Plaintiff filed objections on March 16, 2026. [Doc. 20.]

Also on March 16, 2026, Plaintiff filed a motion for ADA accommodations, for reconsideration of the Magistrate Judge's Order denying his motion to appoint counsel, and for leave to file medical documentation under seal. [Doc. 21.] On April 8, 2026, Plaintiff filed a motion to appoint counsel. [Doc. 22.] On April 23, 2026, Plaintiff filed a motion to alter judgment, which contained an embedded motion for leave to amend the Complaint. [Doc. 26.] Plaintiff also filed an Amended Complaint. [Doc. 27.]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not

conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it" or with the court's leave.[1]  In the latter instance, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) (observing that a plaintiff should "be given every opportunity to cure a formal defect in his pleading" even where "the court doubts that [the] plaintiff will be able to overcome the defects in his initial pleading" (internal quotation marks omitted)). An amended complaint generally supersedes a prior complaint and renders it of no legal effect.  *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001).

Plaintiff seeks to amend his Complaint to address the deficiencies identified within the Magistrate Judge's Report.  [Doc. 26 at 4.]  In his Amended Complaint, Plaintiff appears to eliminate all claims brought under the ADA and South Carolina law.  [*See generally* Doc. 27.]  Further, Plaintiff includes additional factual allegations relating to his ERISA claims; for example, Plaintiff alleges "Defendants calculated dependent Social Security offsets using estimated figures . . . despite having the means to obtain accurate data," resulting in an inaccurate calculation of benefits due under Plaintiff's Long-Term

---

[1] Defendants have not yet been served so as to trigger the 21-day clock under Rule 15(a)(1).  Nevertheless, the Court will apply Rule 15(a)(2) because Plaintiff explicitly moved to amend the Complaint.  [*See* Doc. 26 at 4.]

Disability plan. [*Id.* at 4; *see also* Doc. 20 at 3 (stating that Defendants allegedly "misapplied plan offset provisions").] Accordingly, Plaintiff's motion to amend the Complaint is granted, and the Court deems the Amended Complaint [Doc. 27] the operative pleading in this matter. *See Harrell v. Chartway Fed. Credit Union,* No. 2:23cv84, 2024 WL 5708181, at *2 (E.D. Va. Feb. 14, 2024) (allowing a pro se plaintiff to file an amended complaint "to clarify his intended claims and the factual basis for such claims").

The Court recommits this matter to the Magistrate Judge for initial review of the Amended Complaint. *See Terry v. Gopuff/Gobrands, Inc.,* No. 3:25-cv-14060-JFA, Doc. 25 at 3–4 (D.S.C. Apr. 10, 2026) ("Although it is unclear if Plaintiff's filings fully comply with the Magistrate Judge's prior orders, the court recognizes Plaintiff's desire to pursue his claims. . . . Plaintiff's submissions [*e.g.*, an amended complaint], which were filed only after the Magistrate Judge issued the Report, evidence his desire to cure prior deficiencies and pursue his claims. Accordingly, dismissal is premature at this time. This matter is therefore recommitted back to the Magistrate Judge for further proceedings."); *cf. Terry v. City of Columbia Police Dep't,* No. 3:25-cv-13233-MGL-PJG, Doc. 33 (D.S.C. Jan. 12, 2026) (recommitting the matter to the Magistrate Judge for further proceedings where Plaintiff filed a motion for reconsideration of the Report and Recommendation).

Plaintiff's motions for preliminary injunctive relief [Docs. 5; 11], for reconsideration of the Magistrate Judge's Order denying appointment of counsel [Doc. 21], and for appointment of counsel [Doc. 22] are found as moot because they seek relief as to the

original Complaint.[2]  *See, e.g., Harrell,* 2024 WL 5708181, at *2 ("All of the other motions pending in this action [including a motion for preliminary injunctive relief] seek relief as to Plaintiff's [prior complaint], which will no longer serve as the operative complaint in this matter.  Accordingly, all of these motions . . . are [found] as moot.").

Plaintiff's motion for ADA accommodations [Doc. 21] is denied because the ADA does not apply to federal courts.  *See Anders v. South Carolina,* No. 2:24-06311-BHH-MGB, 2025 WL 1169191, at *4 (D.S.C. Mar. 31, 2025) ("[A] federal court does not fall within the definition of a 'public entity' under the ADA . . . ."), *Report and Recommendation adopted by* 2025 WL 1167492 (D.S.C. Apr. 21, 2025).  That said, the Court will consider any properly filed motions for extensions of time under Rule 6 of the Federal Rules of Civil Procedure.

Plaintiff's motion to file medical documentation under seal [Doc. 21] is denied because it does not comply with the mandatory procedures outlined in Local Civil Rule 5.03, D.S.C.

Finally, Plaintiff's motion to alter judgment [Doc. 26] is denied because the Report of the Magistrate Judge is not an order subject to reconsideration under Rules 59 or 60 of the Federal Rules of Civil Procedure.  *See Mathews*, 423 U.S. at 270–71 (noting that

---

[2] Indeed, motions for preliminary injunctive relief and to appoint counsel both require the Court to evaluate Plaintiff's underlying claims.  *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008) (holding that a plaintiff seeking preliminary injunctive relief must establish, among other elements, that he is likely to succeed on the merits of his claims); *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984) (holding that a plaintiff seeking appointment of counsel in a civil case must establish, among other elements, that he has a colorable claim for relief), *abrogated on other grounds by Mallard v. United States Dist. Court for S. Dist. Of Iowa*, 490 U.S. 296 (1989).

the recommendation of a Magistrate Judge bears no presumptive weight, and the responsibility to make a final determination remains with the Court).

## CONCLUSION

For the reasons stated herein, the Court DECLINES to accept the Magistrate Judge's Report and Recommendation [Doc. 16], GRANTS Plaintiff's motion to amend the Complaint [Doc. 26 at 4], and RECOMMITS this matter to the Magistrate Judge for initial review of Plaintiff's Amended Complaint [Doc. 27].

Plaintiff's motions for preliminary injunctive relief [Docs. 5; 11], for reconsideration of the Magistrate Judge's Order denying Plaintiff's motion to appoint counsel [Doc. 21], and for appointment of counsel [Doc. 22] are FOUND AS MOOT because they seek relief as to the original Complaint.  Plaintiff's motions for ADA accommodations [Doc. 21], to file medical documentation under seal [*id.*], and to alter judgment [Doc. 26] are DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 4, 2026
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.